**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Alicia Walker,<br><br>Plaintiff,<br><br>Vs.<br><br>Hill Country Billing Partners, LLC.,<br><br>Defendant. | 3:26-cv-4002-SAL<br><br>**COMPLAINT**<br>**(Violation of FLSA)** |

Plaintiff Alicia Walker ("Plaintiff"), complaining of Defendant Hill Country Billing Partners, LLC, ("Defendant") would respectfully show unto this Honorable Court as follows:

**NATURE OF THE ACTION**

1. This is an action for unpaid wages and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff brings this action to recover unpaid overtime compensation and related damages resulting from Defendant's misclassification of Plaintiff as an independent contractor. Plaintiff performed Verification of Benefits work that was integral to Defendant's business, worked full-time schedules of approximately forty (40) hours per week, and was subject to Defendant's control over her job duties, work processes, tools, and supervision. Despite exercising the degree of control characteristic of an employer-employee relationship, Defendant failed to comply with the wage and hour requirements of the FLSA.

## PARTIES, JURISDICTION & VENUE

2. Plaintiff is an individual citizen and resident of Richland County, South Carolina.

3. Defendant Hill Country Billing Partners LLC is a Texas corporation with its principal place of business in Spring Branch, Texas.

4. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to these claims occurred in Richland County, South Carolina.

6. At all relevant times, Plaintiff was employed by Defendant as a Verification of Benefits ("VOB") Specialist.

7. Defendant is a business entity engaged in healthcare billing and insurance verification services.

8. At all relevant times, Defendant acted directly or indirectly in the interest of an employer in relation to Plaintiff and was an "employer" within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

9. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

10. Plaintiff worked as a VOB Specialist responsible for verifying insurance benefits for patients seeking behavioral health treatment. Although she was officially hired as an independent contractor, her working conditions and duties reflected those of a W-2 employee.

11. Defendant exercised substantial control over Plaintiff's schedule, required adherence to specific work processes, and monitored performance through call auditing and quality assurance.

12. Plaintiff worked regular full-time hours under Defendant's supervision and was required to accurately record her time on weekly timesheets.

13. Defendant misclassified Plaintiff as an independent contractor, thereby affecting her entitlement to overtime compensation and other benefits afforded to employees under the FLSA.

14. Plaintiff's work was essential to Defendant's core business operations and followed standardized procedures outlined in Defendant's training materials. Defendant required Plaintiff to use specific systems, portals, communication tools, and phone software designated by Defendant. Plaintiff's work hours, duties, and performance were subject to ongoing oversight and monitoring by Defendant.

15. Plaintiff regularly worked approximately forty (40) hours per week, typically from 9:00 a.m. to 5:00 p.m., Monday through Friday.

16. Defendant also required Plaintiff to work on-call weekend shifts of approximately twelve (12) hours at least once per month.

17. Defendant failed to pay Plaintiff overtime compensation at one and one-half times her regular rate for hours worked in excess of forty (40) in a workweek.

18. Plaintiff raised concerns, including in written communications to her supervisor, regarding Defendant's control over workers classified as independent contractors and Defendant's compliance with wage and hour laws.

19. Shortly after raising these concerns, Defendant terminated Plaintiff's employment under circumstances that were inconsistent with its prior treatment of Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
***(Fair Labor Standards Act – Unpaid Overtime)***

1. Plaintiff repeats and realleges each allegation of the foregoing paragraphs as if fully set forth herein.

2. Defendant employed Plaintiff as an independent contractor during the relevant time period.

3. Defendant is a covered employer under the FLSA.

4. Defendant required Plaintiff to work in excess of 40 hours per workweek without proper overtime compensation.

5. Defendant knew of its obligation to pay overtime wages.

6. Defendant's failure to pay overtime wages was willful within the meaning of 29 U.S.C. § 255(a).

7. Plaintiff is entitled to unpaid overtime compensation, liquidated damages, attorneys' fees, costs, and all other relief available under 29 U.S.C. §§ 216(b) and 255(a).

8. Defendant is in possession of employment and payroll records relevant to Plaintiff's claims and has a duty to preserve such records.

**FOR A SECOND CAUSE OF ACTION**
***(Fair Labor Standards Act – Retaliation)***

9. Plaintiff repeats and realleges each allegation of the foregoing paragraphs as if fully set forth herein.

10. The FLSA prohibits employers from discharging or discriminating against employees for engaging in protected activity. See 29 U.S.C. § 215(a)(3).

11. Plaintiff engaged in protected activity by raising concerns regarding Defendant's classification practices and compliance with wage and hour laws.

12. Defendant terminated Plaintiff's employment shortly after she engaged in protected activity.

13. The temporal proximity between Plaintiff's protected activity and termination, along with surrounding circumstances, supports an inference of retaliatory motive and pretext.

14. Defendant engaged in retaliatory and disparate treatment toward Plaintiff.

15. As a direct result of Defendant's conduct, Plaintiff suffered damages including lost wages, lost earning capacity, and other damages.

16. Plaintiff is entitled to all remedies available under the FLSA, including back pay, front pay, liquidated damages, compensatory damages, equitable relief, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Toll the applicable statutes of limitation;
b. Declare that Defendant violated the FLSA;
c. Award unpaid overtime wages;
d. Award damages for retaliation, including back pay and front pay;
e. Award liquidated damages;
f. Award compensatory damages;
g. Award pre- and post-judgment interest;
h. Award costs and attorneys' fees; and
i. Grant such other relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/Janet E. Rhodes

Janet E. Rhodes (Fed. Bar No.:10521)
BURNETTE SHUTT & MCDANIEL, PA
Post Office Box 1929
Columbia, South Carolina 29202
Tel. (803) 904-7933
Fax (803) 904-7910
JRhodes@burnetteshutt.law

**ATTORNEY FOR PLAINTIFF**

Columbia, South Carolina

September 10, 2026